# Catharine Gillion, Plff. in Err., *v.* Albert V. Finley.

A lease which was to continue "for the term of one year, with the privilege of three years from April 1, 1885, at the rent of $204 per year," *held,* to be a lease from year to year not exceeding three years; and that the tenant had the right to terminate the lease at the end of the second year by giving proper notice.

(Argued February 2, 1888. Decided March 19, 1888.)

January Term, 1888, No. 280, E. D., before GORDON, Ch. J., PAXSON, STERRETT, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Montgomery County to review a judgment in favor of the defendant, on a case stated, October Term, 1887, No. 84. Affirmed.

The following case stated, between Catharine Gillion, plain-

tiff, and Albert V. Finley, defendant, was submitted for the opinion of the court:

Plaintiff leased to defendant certain premises in the borough of Norristown, Montgomery county, by a written lease of which the following is a true copy: "This lease witnesseth that Catharine Gillion hereby lets unto Albert V. Finley the store room and room over store and the cellar under the same for the term of one year with the privilege of three years from first day of April, 1885, at the rent of $204 per year to be paid in twelve monthly portions," etc.

Defendant remained in possession of said premises from April 1, 1885, until April 1, 1887, and has regularly paid his rent to that time. Three months before the expiration of the second year of said tenancy he gave notice of his intention to remove from the premises on April 1, 1887. Plaintiff has brought suit to recover rent for the months of April and May of 1887.

If the court shall be of opinion that defendant is liable therefor, judgment is to be entered in favor of plaintiff for $34; otherwise judgment to be entered for defendant. Costs to follow the judgment, either party reserving the right of suing out a writ of error to the supreme court.

SWARTZ, J., delivered the following opinion in the court below:

The lease was to continue for the term of one year, with the privilege of three years from the 1st day of April, 1885, at the rent of $204 per year.

We interpret this language to mean that the lease could remain one year or from year to year not exceeding three years. A privilege to remain three years must include the privilege to remain two years. The whole necessarily includes the parts. We must construe the lease in favor of the tenant, rather than in favor of the lessor. In the absence of anything to the contrary the tenant, by giving due notice such as was given, had the right to terminate the lease at the end of the second year; he exercised the option secured to him under the lease. The lease fixed the rent at $204 per year, indicating a term from year to year rather than a term for three years. The landlord cannot complain, for he received due notice of the intention to quit. It is argued that this interpretation destroys the mutuality of the contract; but we must remember that the contract starts out with granting a privilege in favor of the tenant.

And now, January 16, 1888, judgment is entered for the defendant, with costs, upon the case stated.

The assignments of error specified the action of the court as above.

*Chas. Hunsicker,* for plaintiff in error.—We are convinced that the true meaning of the words "for another term of three years" was that the tenant was to have the choice of renting for three years, or quit.

In Effinger v. Lewis, 32 Pa. 367, it was held after reargument that a lease for a term of years, wherein it was provided that the lessee, his heirs and assigns might hold the premises as long as he and they should think proper by paying the same rent, was a perpetual lease, at the will of the lessee.

The doctrine laid down in this case was *conventio vincit legem.*

In Doe *ex. dem.* Webb v. Dixon, 9 East, 15, it was held: "Under a lease for fourteen or seven years the lessee only has the option of determining it at the end of the first seven years; every doubtful grant being construed in favor of the grantee;" but if the court below is right, it should have decided that Dixon had a right from year to year of the remaining fourteen.

*William F. Solly,* for defendant in error.—Cited Jones v. Kroll, 116 Pa. 85, 8 Atl. 857.

Per Curiam:
Judgment affirmed, on the opinion of the court below.